UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

DIANA MOORE,                                      )
          Plaintiff,                             )
                                    )
       vs.                                            )           1:07-CV-1567-SEB-WTL
                                    )
UNITED STATES OF AMERICA,          )
          Defendant.                          )
                                    )

**ENTRY GRANTING DEFENDANT'S MOTION TO DISMISS**

This case is before the Court on the Motion to Dismiss [Docket No. 13] filed by

Defendant, the United States of America[1], pursuant to Federal Rule of Civil Procedure

12(b)(1). Plaintiff, Diana Moore, brought this suit against the United States, seeking

damages for injuries she suffered after a United States Postal Service vehicle collided with

her vehicle. The United States asserts that we lack subject-matter jurisdiction over this

suit because Ms. Moore did not comply with Section 2675(a) of the Federal Tort Claims

Act ("FTCA") in filing her complaint in federal court.  Specifically, the United States

argues that in Ms. Moore failed to allow for proper agency adjudication of her

administrative claim before filing her complaint in federal court.  Def.'s Br. at 2.  For the

---

[1] The original complaint named as defendants the United States Postal Service
and Edward L. Sutherlin, the driver of the Postal Service truck that allegedly injured Ms.
Moore. We previously substituted the United States of America as the sole defendant in this
case.  Order Granting Substitution of the United States of America as Sole Defendant [Docket
No. 16].  The parties do not dispute that Mr. Sutherlin was acting within the scope of his
employment when the accident occurred, nor that a civil action arising out of such an incident
shall be deemed an action against the United States pursuant to the Federal Employees Liability
Reform and Tort Compensation Act, 28 U.S.C. §2679(d); [Docket No. 16].

reasons detailed in this entry, we <u>GRANT</u> the United States's motion to dismiss.

**Factual and Procedural Background**

On December 5, 2005, Ms. Moore was traveling eastbound in a motor vehicle on State Road 136 in the town of Mace, Indiana.  Compl. ¶ 4.  According to her complaint, Mr. Sutherlin, who was operating a U.S. Postal Service vehicle within the scope of his employment, collided with her vehicle when he exited a church parking lot without looking, taking precautions, or yielding the right of way.  Compl. ¶¶ 3-6.  Ms. Moore asserts that the driver's negligence entitles her to damages for her medical expenses, present and future pain and suffering, and loss of enjoyment of life.  Compl. ¶ 7.

On December 4, 2007, Ms. Moore filed with the U.S. Postal Service a "Standard Form-95," an administrative claim form, seeking remedies for her injuries.  Decl. of William Lohrman (U.S. Postal Service Tort Claim Coordinator) ¶ 3.  According to Mr. Lohrman, Ms. Moore did not file any other forms with the U.S. Postal Service.  <u>Id.</u>  The content of the claim is not at issue here,[2] nor is it disputed that Ms. Moore filed the administrative claim within the appropriate time-frame.[3]

Also on December 4, 2007, Ms. Moore filed a complaint [Docket No. 1] in this

---

[2] The United States is concerned only with the timeliness of the filing of Ms. Moore's complaint under the FTCA. The content of the claim matters only insofar as it relates to the same accident upon which her complaint is predicated.

[3] Under the FTCA, Ms. Moore had two years from the time of her accident to file her administrative claim, and she met that requirement by filing on December 4, 2007. 28 C.F.R. § 14.2(a).

court requesting compensatory damages under the FTCA withregard to the same accident

addressed in her administrative claim.

The United States now seeks to dismiss Ms. Moore's complaint, pursuant to

Federal Rule of Civil Procedure 12(b)(1), asserting that this court lacks subject-matter

jurisdiction due to Ms. Moore's failure to comply with FTCA regulations concerning the

timely filing of administrative claims.  See 28 C.F.R. § 14.2(a).

**Legal Analysis**

The FTCA expressly defines and limits federal courts' jurisdiction in tort actions

brought against the United States, its agencies, and its employees.  *Deloria v. Veterans*

*Admin.*, 927 F.2d 1009, 1011 (7th Cir. 1991).  Section 2675(a) of the FTCA delineates

guidelines for filing a complaint under the Act, and adherence to this Section by the

concerned plaintiff is a jurisdictional prerequisite in any federal court.  *Deloria*, 927 F.2d

at 1011.  Section 2675(a) of the FTCA requires that, before a complaint is filed in federal

court, an administrative claim must be presented[4] to the concerned federal agency (here,

the U.S. Postal Service) and be denied by said agency, or be deemed to be denied after the

---

[4] Department of Justice regulations explain that claim presentment, a jurisdictional
prerequisite to suit, requires that a federal agency receive from a claimant an executed Standard
Form-95, accompanied by a request for money damages in a sum certain for injury to or loss of
property, personal injury, or death alleged to have occurred by reason of the incident.  28 C.F.R.
§ 14.2(a).  It is unclear from the docket whether Ms. Moore complied with the procedures for
proper claim presentment, but that point is not at issue here.  *See, e.g., Murrey v. United States*,
73 F.3d 1448, 1451-52 (7th Cir. 1996).  Rather, the United States claims that Ms. Moore, after
presentment, failed to wait the required six-month period for agency review stipulated in the
FTCA before filing her actionin federal court.

expiration of a six-month adjudicatory period.  Id.  Specifically, § 2675(a) reads:

> An action shall not be instituted against the United States for money
> damages for injury or loss of property or personal injury...unless the
> claimant shall have first presented the claim to the appropriate Federal
> agency and his claim shall have been finally denied by the agency in
> writing and sent by certified or registered mail. The failure of the agency to
> make a final disposition of a claim within six months after it is filed shall, at
> the option of the claimant any time thereafter, be deemed a final denial of
> the claim for purposes of this section...

Thus, after a proper administrative claim is presented to an agency, the agency has

six months in which to dispose of the claim before said claimant may file a complaint

predicated on that claim.  The jurisdictional requirement of judicial review cannot be

waived or be made subject to estoppel by a court.  *Barnhart v. United States*, 844 F.2d

295, 296 (7th Cir. 1989).  As such, a federal court only has subject-matter jurisdiction to

entertain a complaint arising from the same occurrence that prompted the administrative

claim if the claimant has allowed the six-month administrative period to expire.

Although Ms. Moore did present a Standard Form-95 within the proper time-frame

(two years of the auto vehicle accident), she filed her complaint in this court on the same

day, failing to wait either for the U.S. Postal Service to deny her claim or for the six-

month adjudicatory period to expire.  In so doing, Ms. Moore violated the express terms

of § 2675(a) in filing her FTCA action.  Because compliance with § 2675(a) of the FTCA

is a jurisdictional prerequisite in tort cases brought under the Act, Ms. Moore's non-

compliance with the provision precludes this court from exercising subject-matter

jurisdiction over her suit.

The plaintiff's procedural error in entering her complaint before she allowed for the statutorily required agency review warrants a dismissal of the case on the grounds that we lack subject-matter jurisdiction to entertain the referenced suit.  The United States' motion to dismiss Ms. Moore's complaint must therefore be and is hereby GRANTED. Final judgment shall enter accordingly.

Date:__06/06/2008____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John S. Capper IV
CAPPER TULLEY & REIMONDO
jdavisctr@sbcglobal.net

Thomas Edward Rosta
KOPKA PINKUS DOLIN & EADS PC
terosta@kpdlawfirm.com

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Jill E. Zengler
UNITED STATES ATTORNEY'S OFFICE
jill.zengler@usdoj.gov